UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'  JS-6

| Case No. | 2:22-CV-00534-CAS (PLAx) | Date | June 13, 2022 |
|---|---|---|---|
| Title | COX WOOTTON LERNER, GRIFFIN, & HANDSON LLP V. BALLYHOO MEDIA INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Henry Wirta, Jr. | Martin Glickfeld |

**Proceedings:**  MOTION TO DENY PETITION TO CONFIRM AND ENFORCE ARBITRATION AWARD (Dkt. 14, filed on MAY 14, 2022)

## I.  INTRODUCTION

On January 25, 2022, Cox Wootton Lerner Griffin & Hanson, LLP ("Cox LLP") filed a petition to confirm and enforce a final arbitration award against Ballyhoo Media, Inc. ("Ballyhoo"). Dkt. 1 ("Petition") at 1.

On May 13, 2022, Ballyhoo filed a motion to deny the petition to confirm and enforce the arbitration award and to dismiss for lack of jurisdiction. Dkt. 13 ("Mot. to Deny"). On May 20, 2022, Cox LLP filed an opposition to Ballyhoo's motion. Dkt. 20 ("Opp.").

The issue before the Court is whether this Court has subject-matter jurisdiction to confirm the final arbitration award entered by the American Arbitration Association ("AAA").

On June 13, 2022, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.  BACKGROUND

Cox Wootton Lerner Griffin & Hanson, LLP is a limited liability partnership formed under the laws of the State of California with its principal place of business located at 12011 San Vicente Boulevard, Suite 600, Los Angeles, CA, 90049. None of Cox LLP's partners are citizens of the State of Florida. Petition at 1. Ballyhoo Media,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:22-CV-00534-CAS (PLAx) | Date | June 13, 2022 |
|---|---|---|---|
| Title | COX WOOTTON LERNER, GRIFFIN, & HANDSON LLP V. BALLYHOO MEDIA INC. | | |

Inc. is a corporation organized under the laws of the State of Florida with its principal place of business located at 51 NE 24th Street, Suite 105, Miami, Florida, 33131. Id.

Ballyhoo and Cox LLP executed a Legal Services Agreement ("the Agreement") in Los Angeles, California. Id. The Agreement stated that Cox LLP would provide legal advice to Ballyhoo in connection with its potential expansion of its billboard advertising on vessels business into the ports of New York, Los Angeles, and elsewhere. Petition Ex. A. Moreover, in the arbitration provision of the Agreement, the parties agreed that any enforcement of an AAA arbitration award would take place in the Superior Court of the State of California, or alternatively in the United States District Court for the Central District of California. Id.; see Ex. A. The Agreement states, in relevant part:

> In the unusual event of a future disagreement between the Firm and the Client regarding the Firm's provision of Services, the Client and the Firm hereby agree that all disputes arising out of or related to this Agreement or the Services to be provided by the Finn which cannot be resolved in a reasonable time by discussions between the Firm and the Client shall be submitted to binding arbitration before the American Arbitration Association ("AAA") in Los Angeles, California, pursuant to the AAA's then existing Commercial Arbitration Rules. . . .
>
> The Client and the Finn also specifically agree that the prevailing party in any such arbitration or proceeding shall be awarded its arbitration fees, filing fees, reasonable costs, attorneys' fees, and expert expense incurred in connection with the particular dispute. Venue for enforcement of any AAA arbitration award, or legal proceeding pursuant to California Business and Professions Code§§ 6200 et. seq., shall be the Superior Court of the State of California for the County of Los Angeles, or alternatively in the United States District Court for the Central District of California.

Ex. A at 8.

On March 9, 2020, Ballyhoo initiated arbitration proceedings, in which it set forth a single claim of professional negligence against Cox LLP and Neil Learner, one of Cox LLP's partners for alleged legal malpractice. Petition at ¶¶ 7, 8. Ballyhoo alleged that Cox LLP failed to discover three zoning resolutions which prevented Ballyhoo from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'  JS-6

| Case No. | 2:22-CV-00534-CAS (PLAx) | Date | June 13, 2022 |
|---|---|---|---|
| Title | COX WOOTTON LERNER, GRIFFIN, & HANDSON LLP V. BALLYHOO MEDIA INC. | | |

advertising in the waterways surrounding New York City. Petition, Ex. C. On May 18, 2021, the Arbitration Panel ("Panel") issued an Interim Arbitration Award denying Ballyhoo's legal malpractice claim in its entirety and determining that Lerner and Cox LLP are the prevailing party. Petition ¶ 10; Ex. C. Among other things, the Panel found that Ballyhoo failed to establish that "but for" Cox LLP's failure to identify the zoning resolutions, Ballyhoo never would have commenced its New York City operations. Id.

On July 21, 2021, the Panel issued a Final Arbitration Award incorporating the Interim Award therein. The Final Award (1) denied Ballyhoo's claim of legal malpractice in its entirety; (2) awarded Cox LLP and Lerner attorneys' fees and costs in the amount of $165,050 and $197,918.15 against Ballyhoo; (3) awarded Cox LLP and Lerner $133,615 relating to the reimbursement of the arbitrators' compensation; (4) denied Ballyhoo's objections to Cox LLP's motion for fees and costs; and (5) denied Cox LLP and Lerner's request for a multiplier on its legal fees. Petition ¶ 11; Ex. D. Pursuant to the Final Award, the total sum awarded to Cox LLP and Lerner is $496,583.15. Id.

On August 2, 2021, the Panel entered a Disposition for Application of Modification of Award, reaffirming the Final Award and substituting HDFC's Client Trust Account as the payee on the total sum awarded in the Final Award. Id. The Final Award was reaffirmed in all other respects and remains in full force and effect. Petition; Ex. B.

### III. LEGAL STANDARD

#### A. Review of Arbitrator's Decision

"[T]he Supreme Court [has] set a standard that permits only a limited review of an arbitrator's decision." Local Joint Exec. Bd. of Las Vegas v. Riverboat Casino, Inc., 817 F.2d 524, 527 (9th Cir. 1987). Thus "it is not the court's role to determine whether the arbitrator has reached the same result the court would have reached." Id. Nor is it the court's role "to decide the rightness or wrongness of the arbitrator's contract interpretation." Pacific Reinsurance Management Corp. v. Ohio Reinsurance Corp., 935 F.2d 1019, 1024 (9th Cir. 1991). "'[T]he district court must accord considerable deference to the arbitrator's judgment' and should not 'vacate the award because it interpreted the agreement differently.'" Id. (quoting New Meiji Market v. United Food and Comm'l Workers Local Union 905, 789 F.2d 1334, 1335 (9th Cir. 1986)). The Ninth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　'O'　JS-6

| Case No. | 2:22-CV-00534-CAS (PLAx) | Date | June 13, 2022 |
|---|---|---|---|
| Title | COX WOOTTON LERNER, GRIFFIN, & HANDSON LLP V. BALLYHOO MEDIA INC. | | |

Circuit has continuously held that judicial review of an arbitrator's decision "is both limited and highly deferential." Barnes v. Logan, 122 F.3d 820, 821 (9th Cir. 1997). An award must be confirmed if the arbitrator even "arguably construed or applied the contract and acted within the scope of [her] authority." Id.

The Federal Arbitration Act ("FAA") embodies a strong federal policy favoring arbitration and provides only limited grounds upon which a district court may vacate, modify, or correct an arbitration award. Lagstein v. Certain Underwriters at Lloyd's, London, 607 F.3d 634, 640 (9th Cir. 2010). Moreover, the FAA "provides the exclusive grounds for challenging an arbitration award within its purview." Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1338 (9th Cir. 1986). An arbitration award can be vacated only:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). "As is apparent from the language, these standards are highly deferential to the arbitrator." Johnson v. Wells Fargo Home Mortg., Inc., 635 F.3d 401, 414 (9th Cir. 2011). Where a party seeks to vacate an award based on fraud, that party "must show that the fraud was (1) not discoverable upon the exercise of due diligence prior to the arbitration, (2) materially related to an issue in the arbitration, and (3) established by clear and convincing evidence." Lafarge, 791 F.2d at 1339 (citing Dogherra v. Safeway Stores, Inc., 679 F.2d 1293, 1297 (9th Cir. 1982)). Vacatur on the ground that arbitrators exceeded their powers is proper "only when arbitrators purport to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'  JS-6

| Case No. | 2:22-CV-00534-CAS (PLAx) | Date | June 13, 2022 |
|---|---|---|---|
| Title | COX WOOTTON LERNER, GRIFFIN, & HANDSON LLP V. BALLYHOO MEDIA INC. | | |

exercise powers that the parties did not intend them to possess or otherwise display a manifest disregard of the law," or "when the award is 'completely irrational.' " Kyocera Corp. v. Prudential-Bache Trade Servs., Inc., 341 F.3d 987, 997, 1002–03 (9th Cir. 2003) (en banc) (quoting Todd Shipyards Corp. v. Cunard Line, Ltd., 943 F.2d 1056, 1059–60 (9th Cir. 1991)). "The burden of establishing grounds for vacating an arbitration award is on the party seeking it." U.S. Life Ins. Co. v. Superior Nat'l Ins. Co., 591 F.3d 1167, 1173 (9th Cir. 2010). In considering whether to vacate an award, district courts apply "an extremely limited review authority." Kyocera, 231 F.3d at 998.

### B. Motion to Dismiss for Lack of Subject Matter Jurisdiction

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the objection that the federal court has no subject matter jurisdiction over the action. This defect may exist despite the formal sufficiency of the allegations in the complaint. T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964).

Once a Rule 12(b)(1) motion has been raised, the burden is on the party asserting jurisdiction. Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004). If jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. See id.

### IV. DISCUSSION

Cox LLP requests that the Court confirm and enforce the final arbitration award pursuant to 9 U.S.C. § 9. Petition at 1. To start, the Court notes that the parties consented to arbitrate based on the arbitration provision of the parties' Legal Services Agreement. New Prime Inc. v. Oliveria, 139 S.Ct. 532, 536 (2019) ("The Federal Arbitration Act requires courts to enforce private arbitration agreements."). Accordingly, the narrow

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'  JS-6

| Case No. | 2:22-CV-00534-CAS (PLAx) | Date | June 13, 2022 |
|---|---|---|---|
| Title | COX WOOTTON LERNER, GRIFFIN, & HANDSON LLP V. BALLYHOO MEDIA INC. | | |

issue before the Court is whether this Court has jurisdiction to confirm the arbitration award awarded by the Arbitration Panel.

Ballyhoo argues that the Court should dismiss the petition to confirm and enforce the arbitration award for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).[1] Ballyhoo contends that the petition's only basis of jurisdiction is that the arbitration was conducted pursuant to the FAA, which is alone insufficient to establish subject-matter jurisdiction. Mot. to Deny at 4. Accordingly, Ballyhoo states that because the petition does not allege an independent jurisdictional basis for this Court to exercise federal subject-matter jurisdiction over the petition, the petition must be denied. Id.

Ballyhoo cites to Badgerow v. Walter, 143 S. Ct. 1310, 1310 (2022), in support of its argument that this Court lacks jurisdiction. In Badgerow, the Supreme Court held that a federal court must have an independent basis for subject-matter jurisdiction outside of the FAA. Id. (The FAA "does not itself create jurisdiction. Rather, the federal court must have what we have called an 'independent jurisdictional basis' to resolve the matter."). Specifically, the Supreme Court in Badgerow held that a federal court cannot look to the parties' underlying substantive dispute to determine whether the Court has

---

[1] Ballyhoo also argues that the FAA does not provide the Court with the authority to enforce the arbitration award since "the dispute which gave rise to the arbitration in this case [] did not . . . involve interstate or foreign commerce or maritime jurisdiction." Mot. to Deny at 2. Section 2 of the FAA, 9 U.S.C. § 2, states that the FAA applies to "[a] written provision in any maritime transaction or a *contract evidencing a transaction involving commerce* to settle by arbitration a controversy thereafter arising out of such contract or transaction." (emphasis added). Here, the dispute regarding the alleged legal malpractice arose out of a contract falling squarely within this provision. In the contract, Cox LLP agreed to "provide advice and expertise regarding the maritime, transportation, and related legal issues in connection with [Ballyhoo's] expansion of its high-tech billboard advertising on vessel business into new ports." Petition, Ex. A at 6; see, e.g., Allied-Bruce Terminix Companies, Inc. v. Dobson, 513 U.S. 265, 267 (1995) (noting that Section 2 of the FAA governs when the "parties do not contest that the transaction in this case [] involves [] interstate commerce"). Similarly here, because Ballyhoo does not dispute that the contract itself involves maritime transactions or interstate commerce, the FAA governs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:22-CV-00534-CAS (PLAx) | Date | June 13, 2022 |
|---|---|---|---|
| Title | COX WOOTTON LERNER, GRIFFIN, & HANDSON LLP V. BALLYHOO MEDIA INC. | | |

jurisdiction. Id. at 1316. A federal court may, however, look to the face of the application submitted to the court to see if "it shows that the contending parties are citizens of different States (with over $75,000 in dispute)." Id.

The Court finds that under Badgerow, Cox LLP's application sufficiently alleges diversity jurisdiction, and the Court need not look at the underlying substantive dispute to make such determination. See 28 U.S.C. § 1332. While the Court acknowledges that Cox LLP does not specifically cite to § 1332, the petition nonetheless alleges facts sufficient to demonstrate diversity. Regarding diversity of citizenship, the petition alleges Ballyhoo is citizen of Florida and Cox LLP is a Los Angeles partnership that has no partners who are citizens of Florida. Petition at ¶¶ 1, 2. Regarding the amount in controversy, the petition states that the attorneys' fees and costs to be awarded are for a total of $496,583.15, exceeding the $75,000 amount in controversy requirement. Accordingly, the Court finds that the face of the petition has established an independent basis for subject-matter jurisdiction under Badgerow, and therefore the Court denies Ballyhoo's motion to dismiss.[2]

Moreover, aside from its argument that the Court lacks subject-matter jurisdiction, Ballyhoo has not raised any other basis for the Court to deny the arbitration award. See 9 U.S.C. § 10(a). As such, and in accordance with the considerable deference the Court must afford to the arbitrator's decision, the Court grants Cox LLP's motion to confirm

---

[2] During oral argument, Ballyhoo reiterated its argument that Badgerow suggests that the Court does not have jurisdiction to confirm the petition. Ballyhoo cites to language in the Supreme Court decision which states that applications which "concern[] the contractual rights provided in the arbitration agreement" are "generally governed by state law." Badgerow, 142 St. Ct. at 1321. Ballyhoo notes that an exception which permits federal courts to exercise jurisdiction over such matters only applies "for Section 4 petitions to compel," not for Section 9 petitions to confirm, as relevant here. Id. Upon further review, the Court finds that Badgerow supports the Court's conclusion that it has jurisdiction over the petition to confirm arbitration. The language Ballyhoo cites refers to claims "between non-diverse parties." Id. Here, because the Court has determined that diversity jurisdiction exists, the Court finds it has jurisdiction over the Section 9 petition to confirm arbitration.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:22-CV-00534-CAS (PLAx) | Date | June 13, 2022 |
|---|---|---|---|
| Title | COX WOOTTON LERNER, GRIFFIN, & HANDSON LLP V. BALLYHOO MEDIA INC. | | |

the arbitration award. See Barnes, 122 F.3d at 821 (holding that judicial review of an arbitrator's decision is limited and highly deferential).

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Cox LLP's petition to confirm and enforce the arbitration award and **DENIES** Ballyhoo's motion to deny the petition and to dismiss for lack of jurisdiction.

IT IS SO ORDERED.

|  | 00 : 23 |
|---|---|
| Initials of Preparer | CMJ |